## THOMSON v. CHURCH.

That the jury misapprehended the legal consequence of their verdict, is not sufficient cause of arrest.

ACTION on the case, for words. The jury found a verdict for the plaintiff, and four pence damage.

Mr. Tracy and Mr. Allen moved in arrest of judgment, and alleged for cause,

1. That the jury, in the consideration of the case, were divided, six for acquitting the defendant, and six for bringing in small damages; but finally, they all agreed to bring in a verdict of four pence for the plaintiff supposing the law was so, that upon said verdict the plaintiff could not recover but four pence cost; and upon that being a fact, or not a fact, all the jurors consented to the verdict: And as the case was appealed from the lower court, by the defendant, the operation of law was such, that the whole cost will follow the verdict against the defendant; which was not the verdict of the jury; nor was it the intention even of those jurors, who at first were of opinion, that they ought to give damages, that the plaintiff ought to recover his whole bill of cost; — and had they supposed that would have been the operation of law upon their verdict, not one of the jury would have consented to a verdict in favor of the plaintiff: — Therefore, the verdict was founded entirely on mistake.

2. The verdict against the defendant, in the present case, is founded on this idea — that he maliciously and falsely accused the plaintiff of perjury; which idea the jury have contradicted in the most explicit terms, by saying, it is no more than four pence damage to the plaintiff; — and therefore have mistaken the law.

By the whole COURT. The motion is insufficient.— The jury have, upon their oaths, found the defendant guilty;

and though they may have misapprehended the consequence of their verdict, and have been thereby the more readily induced to agree to it — it shall, nevertheless, be intended, in support of the verdict, and to avoid an implication, that the jury have violated their oaths — that they found the facts according to the evidence before them, and the real conviction of their minds.

As to the second exception — The insignificance of the damages — They were discretionary with the jury; and from the particular circumstances of the case, the smallest damages may have well been presumed.